The Honorable Ron Fuller State Representative 2024 Arkansas Valley Drive Suite 606 Little Rock, AR 72212
Dear Representative Fuller:
This is in response to your request for an opinion on the following question:
 Pursuant to A.C.A. 27-20-106 (1987), when a person who is fourteen (14) years of age, but under sixteen (16) years of age, has passed a written examination and road test examination and received a special license for a motor driven cycle, is it necessary for that person to take the same written exam and road test when he turns sixteen (16) in order to receive a valid motorcycle operator's license or does the special license simply expire and a motorcycle operator's license automatically issue?
Our review of the pertinent Code sections in this area indicates that while the special license to operate a motor-driven cycle clearly expires upon the licensee's sixteenth birthday (A.C.A. 27-20-106(b)(2)(A)), a motorcycle operator's license does not automatically issue thereafter. One must apply for the issuance of a motorcycle operator's license (A.C.A. 27-20-107(a) (Supp. 1989)), and qualification for the license is evidenced by a certificate satisfactorily passed all phases of the motorcycle operator's examination. . . ." A.C.A. 27-20-107(b) (Supp. 1989).
The Department of Arkansas State Police must prescribe this examination. A.C.A. 27-20-108 (Supp. 1989). Section27-20-108 (Supp. 1989) sets forth requirements in connection with the examination, and specifically mandates a written exam, a vision test, and a road test. It should be noted that these requirements are not specified in connection with the special license to operate a motor-driven cycle. A.C.A.27-20-106(b). It is possible, therefore, that the motorcycle operator's examination will differ from the examination prescribed for the motor-driven cycle license.
We cannot conclude, in the absence of evidence of legislative intent to this effect, that a motorcycle operator's license may be issued to a motor-driven cycle licensee who has not taken the motorcycle operator's examination. The pertinent Code sections, as currently drafted, set forth two distinct examination requirements, one for the motor-driven cycle operator and another for the motorcycle operator. Further legislative action will, in my opinion, be necessary in order for a motorcycle operator's license to automatically issue.
The foregoing opinion, which I hereby approve, was prepared by Assistant Attorney General Elisabeth A. Walker.
Sincerely,
RON FIELDS Attorney General
RF:arb